IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

UNITED STATES OF AMERICA          *
                                  *
v.                                *     CR 319-003
                                  *
LAKESIA L. HARDEN                 *

O R D E R

Defendant Lakesia L. Harden recently filed a motion for reduction of sentence under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. Upon review and application of the relevant law, the Court denies the requested relief.

The compassionate release provision of § 3582(c)(1)(A) provides authority to a district court to reduce a defendant's sentence for "extraordinary and compelling circumstances." In consideration of a compassionate release motion, the Court must follow the applicable Policy Statement issued by the United States Sentencing Commission, U.S.S.G. § 1B1.13. See 18 U.S.C. § 3582(c)(1)(A); United States v. Bryant, 996 F.3d 1243, 1262 (11th Cir. 2021) ("[D]istrict courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."). Section 1B1.13 provides that in addition to the existence of extraordinary and compelling reasons, the defendant

must not present a danger to the safety of any other person or the community. Finally, a defendant's release must find support in the sentencing factors of 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). Absence of even one of these requirements would foreclose a sentence reduction. United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021); United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. 2021).

The Application Note to the Policy Statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). The Application Note also provides a catch-all category: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added). Because the Court has no indication that the BOP Director sanctions Defendant's release, this category is inapplicable.

Defendant has the burden of demonstrating her circumstances warrant compassionate release. See United States v. Granda, 852 F. App'x 442, 446 (11th Cir. 2021). Through her motion, Defendant relies upon the family circumstances category, considering that her mother, who had been caring for her four-year-old son, recently

2

...
...

passed away and she should therefore be released immediately to care for him. The Government has suggested that other family members are available to take care of the minor, but Defendant vehemently disagrees. The Court need not explore whether Defendant's twenty-three year old sister or one of the relatives listed in Defendant's mother's obituary is an "available" family member capable of providing care to a four-year-old child[1] because the Court would not grant the motion even if Defendant could show that her family circumstances qualified for relief.

As stated previously, the Court must consider whether Defendant is a danger to the community and the sentencing factors of 18 U.S.C. § 3553(a), see 18 U.S.C. § 3582(c)(1)(A). At the time of her arrest, Defendant was a corrections officer at Wheeler Correctional Facility, a state medium-security prison; yet, she had been cohabitating with a convicted felon, Tremayne O. Linder, for four years. On April 9, 2018, Linder's probation officers arrived at the residence to serve upon him a probation violation warrant. Because the officers smelled marihuana coming from inside, the residence was searched. The officers found marihuana and methamphetamine packaged in a way that was consistent with

---

[1] At the time of sentencing, Defendant's son lived with her aunt, April Harden, a relative who the Government suggests as another potential caregiver. Defendant is quick to respond that her aunt was shot and killed in early January, but this is her aunt Pamela Harden, not April Harden.

contraband intended to be smuggled into a prison.[2]  Notably, Defendant's sister was also present at the residence with a toddler.

On the day of her arrest, Defendant stated that she was holding the drugs for someone else.  After her jury trial, Defendant admitted to the Federal Bureau of Investigation that she knew the drugs were to be delivered to an employee of the Wheeler Correctional Facility to sell there.  She also knew that Linder had sold drugs out of the residence that they shared.

While Defendant minimizes her conduct as a "poor choice in her romantic partner" (doc. no. 184, at 2), a jury convicted her of possession with the intent to distribute controlled substances in October 2019.  To this day, Defendant has not fully accepted responsibility, stating in her reply brief that the "record clearly shows that [her] boyfriend . . . was the individual who was dealing drugs."  (Doc. No. 184.)  Defendant, however, cannot escape the reality that her conscious decisions have had terrible but inevitable consequences including the loss of the ability to raise her son.

Upon consideration of the serious nature of the offense and the characteristics of this Defendant as outlined above, the Court concludes that these factors weigh heavily against her release.

---

[2] The officers also discovered a 9mm handgun.

Moreover, Defendant has over six years remaining on her 120-month sentence, which was a downward departure from the applicable guideline range of 151 to 188 months. Any further reduction in sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. In short, reducing Defendant's sentence at this time would not be consistent with the statutory purposes of sentencing.

Upon the foregoing, Defendant Harden's motion for compassionate release (doc. no. 180) is **DENIED**. The Clerk is directed to send a copy of this Order to the Department of Human Services, Division of Family & Children Services in Laurens County: 904 Claxton Dairy Road, Dublin, Georgia 31021.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of January, 2022.

_____
UNITED STATES DISTRICT JUDGE